IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WILMINGTON PAIN & REHABILITATION CENTER, P.A., on behalf of itself and all others similarly situated, | § § § § § § | No. 472, 2017<br><br>Court Below—Superior Court of the State of Delaware |
| Plaintiff Below, Appellant, | § § § | C.A. No. N15C-06-218 |
| v. | § § § | |
| USAA GENERAL INDEMNITY INSURANCE COMPANY and GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY, | § § § § § § § | |
| Defendants Below, Appellees. | § § § § | |

Submitted: November 16, 2017
Decided: December 12, 2017

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

### O R D E R

This 12th day of December 2017, having considered the appellant's notice and supplemental notice of appeal from interlocutory order under Supreme Court Rule 42, it appears to the Court that:

(1)    Wilmington Pain & Rehabilitation Center, P.A. ("WPRC") is a Delaware outpatient care facility that specializes in physical medicine and

rehabilitation. WPRC regularly treats Delaware residents for injuries incurred in automobile accidents.

(2) USAA General Indemnity Insurance Company and Garrison Property and Casualty Insurance Company (collectively "USAA") are engaged in the business of insurance. USAA regularly sells automobile insurance policies in Delaware.

(3) Delaware law requires that owners of motor vehicles registered in Delaware must maintain insurance coverage for personal injury claims arising out of an automobile accident.[1] Personal injury protection ("PIP") coverage is defined as "[c]ompensation to injured persons for reasonable and necessary expenses incurred within 2 years from the date of the accident," including medical expenses.[2]

(4) In 2015, WPRC filed a complaint seeking a declaratory judgment that USAA's use of a computerized bill review system to review the reasonableness of PIP claims has led to the wrongful underpaying of those claims. WPRC filed the complaint as a proposed class action on behalf of all Delaware health care providers who, at any time since June 19, 2012, have billed medical-expense-related PIP claims to USAA, where USAA has subjected those claims to the computerized bill review system.

---

[1] 21 *Del. C.* § 2118(a)(2)(a).
[2] *Id.*

(5)     On October 17, 2017, the Superior Court issued an opinion denying WPRC's motion for class certification.  The Superior Court ruled that the proposed class did not meet the requirements for certification under Superior Court Civil Rule 23.

(6)     WPRC filed an application for certification of an interlocutory appeal from the Superior Court's October 17 opinion.  By order dated November 15, 2017, the Superior Court denied the application after determining that certification of an interlocutory appeal from its October 17 opinion was not warranted under the principles and criteria of Rule 42(b).

(7)     Applications for interlocutory review are addressed to the sound discretion of the Court.[3]  In this case, the Court agrees with the Superior Court that Rule 42(b)'s principles and criteria do not weigh in favor of interlocutory review of the Superior Court's October 17, 2017 opinion denying WPRC's motion to certify a class action.

NOW, THEREFORE, IT IS HEREBY ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

---

[3] Del. Supr. Ct. R. 42(d)(v).

3